FILED

JUN 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA ESTELA ESTRADA-OCHOA, a.k.a. Domitila Morales-Vasquez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 06-71873 <br><br> Agency No. A097-337-105 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and WALTER, Senior United
States District Judge.[**]

    Petitioner Ana Estela Estrada Ochoa (Estrada Ochoa), a native and citizen of

Guatemala, appeals the Board of Immigration Appeals' (BIA) affirmance of the

Immigration Judge's (IJ) order denying asylum, withholding of removal, and relief

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Donald E. Walter, Senior United States District Judge
for Western Louisiana, sitting by designation.

under the Convention Against Torture (CAT). Estrada Ochoa asserts a derivative asylum claim based on the application of her father, Gerson Rocael Estrada-Lopez (Gerson Estrada).

We have jurisdiction under 8 U.S.C. § 1252. Because we conclude that the BIA erred when it failed to consider Estrada Ochoa's father Gerson Estrada's asylum application for purposes of assessing Estrada Ochoa's eligibility for asylum, we grant the petition and remand.[1]

Estrada Ochoa applied for asylum in March 2004. The basis for her asylum claim was her father's I-589 application, which she attached to her application. The child of an alien can file a derivative asylum claim, which is based entirely on the parent's application. 8 U.S.C. § 1158(b)(3); *see also Ma v. Ashcroft,* 361 F.3d 553, 561 n.10 (9th Cir. 2004) ("A . . . child . . . of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien." (quoting 8 U.S.C. § 1158(b)(3))). Furthermore, "[a]n unmarried alien who seeks to accompany . . . a parent granted asylum . . . shall continue to be classified

---

[1] Although the BIA affirmed the IJ's ruling, in so doing, it credited Estrada Ochoa's testimony that Gerson Estrada is her father. Accordingly, we deem it conclusively established that Gerson Estrada is Estrada Ochoa's father and proceed accordingly.

as a child . . . if the alien attained 21 years of age after such application was filed but while it was pending." 8 U.S.C. § 1158(b)(3); 8 C.F.R. § 1208.21.

Gerson Estrada applied for asylum in September 1994. At that time, Estrada Ochoa was under 21 years of age (she was 11 years old), and therefore, although she is now 24 years old, she is still classified as a child for purposes of § 1159(b)(3) so long as Gerson Estrada's application is pending. *See* 8 U.S.C. § 1158(b)(3). Gerson Estrada's application was pending at the time Estrada Ochoa filed her asylum application. Thus, for purposes of considering her derivative asylum claim, Estrada Ochoa must be classified as a child.

Gerson Estrada, however, failed to list Estrada Ochoa on his asylum application. His stated reasons for not including her were that he never thought she would come to this country and that he received only hurried advice from the immigration consultant who helped him prepare his application. The BIA concluded that Gerson Estrada's failure to include Estrada Ochoa on his application cannot be excused on the basis of "notary" fraud. Because Gerson Estrada concedes that he failed to list his daughter and does not allege any fraud on the part of the immigration consultant, we agree.

We disagree, however, that Gerson Estrada's omission in failing to list his daughter on his application should result in Estrada Ochoa's ineligibility for

derivative asylum relief. As Estrada Ochoa was a minor at the time her father filed for asylum, his omission should not be held against her. *See El Himri v. Ashcroft*, 378 F.3d 932, 936 (9th Cir. 2004) (considering time-barred asylum application of parent to find child eligible for asylum). Therefore, due to Estrada Ochoa's minor status at the time Gerson Estrada filed his asylum application, she does not bear the consequences of her father's incomplete application. *Id.*

At this point, however, the government has informed us that Gerson Estrada already has achieved permanent resident status under the Nicaraguan Adjustment and Central American Relief Act (NACARA). To qualify for NACARA relief, an alien must show that she falls under one of the five groups identified in 8 C.F.R. § 1240.61(a). Because Estrada Ochoa entered the country after October 1, 1990, she is disqualified from claiming derivative NACARA relief. 8 C.F.R. § 1240.61(a)(5). Estrada Ochoa's father's change in status does not automatically preclude Estrada Ochoa from relief. In fact, his status as a permanent resident suggests that his asylum claim had merit. After obtaining permanent resident status, however, Gerson Estrada withdrew his petition for asylum. Because neither the BIA nor this court has determined whether a derivative asylum applicant still may receive derivative asylee status when the principal application has been

withdrawn, we remand to the BIA to determine in the first instance the status of Estrada Ochoa's asylum petition.

Estrada Ochoa abandoned her withholding of removal and CAT claims on appeal. Therefore, we do not address those claims.

**Petition GRANTED and REMANDED.**